## SCHAAR v BLOSSER

Ohio Appeals, 9th Dist, Wayne Co

No 1052. Decided Oct 17, 1939

604

Edwin S. & Wm. H. H. Wertz, Wooster, and Seikel, Seikel & Seikel, New Philadelphia, for appellee.
' Weimer & Miller, Wooster, and Alton H. Etling, Wooster, for appellant.

## OPINION

By STEVENS, J.

The case before us is an appeal on questions of law from a judgment for $800, entered in the trial court in favor of the plaintiff (appellee). ·

The action ' arose out of a collision which occurred about 6:30 p. m. on September 15, 1937, at a point about one mile northwest of Mt. Eaton, Ohio, on U. S. Route No. 250. It involved the International truck of plaintiff and the Chevrolet coach of defendant (appellant).

Both vehicles were proceeding down hill in the same direction (westerly), the defendant in front, and the truck of plaintiff, loaded with 6 tons of coal, in the rear. When defendant had reached a point near to the driveway leading into his home, he made a left-hand turn into the drive, and the truck and the car came into collision, the front end of the truck striking the left rear portion of defendant's car.

It is claimed by plaintiff that he was driving in a careful manner, that he had given a horn signal as well as a flashing of his headlights to apprise defendant of his intention to pass, and that defendant had pulled over to the right of the road, thereby indicating his understanding of plaintiff's signals of intention to pass; that when plaintiff was one or two truck lengths back of defendant and on the left-hand side of the road, defendant, without any warning whatsoever, turned to the left into the path of plaintiff's truck, and the collision ensued.

Defendant asserts that he gave a hand signal, visible outside of his car, of his intention to make a left-hand turn, that plaintff did not give any signal to defendant of his intention to pass defendant, and that plaintiff was guilty of contributory negligence in various respects; all of which proximately contributed to plaintiff's injury and damage.

Four errors are assigned by defendant.

1. Error in the court's refusal to direct a verdict for defendant.

2. That the verdict is manifestly against the weight of the evidence.

3. Error in the admission of evidence.

4. Error in the charge of the court.

The first assignment of error alleges that plaintiff's own evidence raised an inference of contributory negligence which was not counterbalanced, and that the court should therefore have sustained the motions to direct, made at the conclusion of plaintiff's evidence and at the conclusion of all the evidence. The foregoing is urged because plaintiff's evidence shows that plaintiff's truck was traveling between 30' and 35 miles an hour immediately preceding the collision, which speed was in excess of that allowed by §7249 GC for a truck and load weighing 6 tons . or more.

The trial court properly charged the law applicable to the speed of the truck, and left to the jury the question as to whether such speed was reasonable and proper under the circumstances, and, if not proper, whether it contributed to cause plaintiff's injury and damage.

We are of the opinion that the finding of the jury that defendant's negligence proximately caused plaintiff's damage, and that plaintiff's contributory negligence, if any, did not proximately contribute to cause the same, is not, under the circumstances disclosed by this record, manifestly against the weight of the evidence, and we accordingly hold that the trial court did not err in refusing to sustain defendant's motion for a directed verdict made at the conclusion of plaintiff's case and at the conclusion of all of the evidence.

We find against the claim that the verdict is manifestly against the weight of the evidence.

Upon the subject of the cross-examination of defendant by plaintiff's counsel, we find nothing in connection therewith which, in our judgment, constitutes prejudicial error. Likewise, in connection with the complaint made with reference to the charge of the court, we find nothing prejudicially erroneous in the charge.

. It is our opinion that substantial justice has been done in this case, and the judgment is therefore affirmed.

WASHBURN, PJ. & DOYLE, J., concur.